UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re: RUSIECKI, DIANE SSN: xxx-xx-3999 Debtor(s) | Chapter 13 Case No. 24-10018-CJP |
|---|---|

### TRUSTEE'S OBJECTION TO CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's amended Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. The Debtor filed a Chapter 13 petition for bankruptcy relief on January 5, 2024.

2. On February 13, 2024, the Trustee convened and presided at a continued Sec. 341 Meeting of Creditors wherein the Debtor appeared with Counsel was sworn and examined.

3. The Debtor filed the Plan on May 13, 2024. The Trustee is unable to recommend confirmation at this time.

4. Part 2.B. and Exhibit 1 are inconsistent with one another. In Exhibit 1 line k) the Debtor shows payments to the Trustee totaling $3,880.26. However, those payments are not provided for in Part 2.B. and instead the Debtor lists payments of $1,613.00 per month for a term of 60 months. If amended Plan payments are to commence June 1, 2024 then Part 2.B. should show payments of $970.07 per month for a term of 4 months and then the amended Plan payment should be calculated using a remaining term of 56 months. The amended Plan payment will need to be recalculated, but the Plan payment list in Exhibit 1 does not match what is listed in Part 2.B.

5. The Debtor has miscalculated the Total Cost of the Plan in Exhibit 1. Exhibit 1 line h) lists the amount of $96,834.00. However, line h) should list the amount of $94,011.10. Additionally, the amount listed in line a) does not match the total listed in Part 3.A. and the total in Part 3.A. is inconsistent with the amounts listed in Part 3.A.(1)(a) and Part 3.A(1)(b).

6. In Part 3.A.(1)(a) Secured Claim(s) (Principal Residence): the Debtor lists the claim of Shellpoint Mortgage Servicing with respect to 194 Center Street, Raynham, MA with pre-petition arrears in the sum of $765.35. However, review of the Court's Claims Register evidences that on March 15, 2024 a proof of claim (#10-1) was filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing for total arrears in the sum of $1,242.99.

7. The Debtor has listed the secured claim for Wells Fargo Home Mortgage in the amount of $35,538.00 @ 6% under Part 3.A.(1)(b) Secured Claim(s) (Other). However, as the claims pertain to the Debtor's principal residence located at 194 Center Street, Raynham, MA, the Debtor should list it under Part 3.A.(1)(a) Secured Claim(s) (Principal Residence). Further, it is unclear if the provided amount factors the listed 6% interest. Review of the aforementioned Register evidences that on February 21, 2024 a proof of claim (#5-1) was filed by Wells Fargo Bank, N.A. for the total amount of $36,345.90, all of which is secured.

8. In Part 5 Non Priority Unsecured Claims, the Debtor proposes to pay a *'fixed amount'* of $42,438.00. However, on the Debtor's Form 122C-2 line 45, the Debtor lists a monthly disposable income under §1325(b)(2) of $2,041.42. Based upon this figure, the Debtor needs to guarantee a dividend of 100% to satisfy the best efforts test. Additionally, Part 5.A and Part 5.E. fail to list an amount for the General Unsecured Claims. Review of the aforementioned Register evidences that filed unsecured claims total the amount of $23,574.14. The Plan is inconsistent with claim(s) filed.

9. The Trustee is unable to determine if the Plan as proposed satisfies the best interest of creditors test set forth in 11 U.S.C. sec. 1325 (a)(4). The Debtor's Schedule B is incomplete. The only asset provided for is the 2013 Chevrolet Avalanche and no other personal property is listed on Schedule B.

10. The Debtor's Statement of Financial Affairs has not been properly completed.

11. The Debtor has failed to amended Schedule J to provide for the ongoing car payment to St. Mary's Credit Union that is provided for in Part 3.A.(2) of the Plan.

WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and for such other relief as is proper.

Dated: May 16, 2024

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
By: **/s/ Carolyn A. Bankowski**
Carolyn A. Bankowski, BBO# 631056
Patricia A. Remer, BBO #639594
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0033
(617) 723-1313
13Trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** RUSIECKI, DIANE<br>SSN: xxx-xx-3999<br>**Debtor(s)** | **Chapter 13**<br>**Case No. 24-10018-CJP** |

### Certificate of Service

The undersigned hereby certifies that on <u>May 16, 2024</u>, a copy of the Trustee's Objection to Debtor's Chapter 13 Plan was served via electronic filing, first class mail, postage prepaid on the debtors and debtors' counsel at the addresses set forth below.

Diane Rusiecki
194 Center Street
Raynham, MA 02767

Glenn F. Russell, Jr., Esq.
38 Rock Street, Suite #12
Fall River, MA 02720

By: **/s/ Carolyn A. Bankowski**
Carolyn A. Bankowski